IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL J. ZAMBRANO,

    Plaintiff,

v.                                                Case No. 17-cv-459 WJ-KBM

THE NEW MEXICO CORRECTIONS DEPARTMENT,
CORIZON HEALTH, INC.,
CORRECTIONS OFFICER LAWRENCE ARTIAGA,
CORRECTIONS OFFICER MIKE HOHMAN,
SERGEANT MARTIN JARAMILLO,
DR. LISA STABER, AND DR. TIMOTHY TRAPP,
each in their individual and official capacities.

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS**

THIS MATTER is before the Court on Plaintiff's Motion to Remand, filed on April 28, 2017 (**Doc. 10**), Defendants' Motion to Dismiss Counts I–VII and XI–XV, filed on April 19, 2017 (**Doc. 5**), and Defendant Hohman's Motion to Dismiss Counts I–III and XI–XV, filed on May 1, 2017 (**Doc. 14**). Having reviewed the relevant pleadings and the applicable law, the Court finds Plaintiff's Motion is well-taken, and is therefore **GRANTED**, and this action is **REMANDED** to state court. Additionally, given the Court's remand order, the Motions to Dismiss are **DENIED AS MOOT**.

## BACKGROUND

On March 17, 2017, Plaintiff Michael J. Zambrano, a former inmate of the New Mexico Corrections Department (NMCD), filed an Amended Complaint for Civil Rights Violations and Tort Claims in the First Judicial District of New Mexico. *See* Doc. 1-1. Plaintiff alleges that his rights under the New Mexico Tort Claims Act, New Mexico common law, the New Mexico

Constitution and the United States Constitution were violated by NMCD and Corizon Health, Inc. (Corizon) and their employees because he was the victim of a "rough ride," which caused injuries, and subsequent negligent health care related to those injuries. *See id.* Plaintiff brought § 1983 claims and New Mexico state law claims against Defendants related to these violations. Plaintiff named seven Defendants in total: NMCD, Corizon, Corrections Officer Lawrence Artiaga, Corrections Officer Mike Hohman, Sergeant Martin Jaramillo, Dr. Lisa Staber, and Dr. Timothy Trapp. *See id.*

Five of the seven Defendants have been served with the Amended Complaint. On March 22, 2017, Plaintiff served NMCD and Defendant Artiaga. On March 24, 2017, Plaintiff served Defendant Hohman. And most recently on March 27, 2017, Plaintiff served Corizon and Defendant Jaramillo. *See* Docs. 10-1, 10-2, 10-3, and 10-5. Defendants Dr. Staber and Dr. Trapp have not yet been served.

On April 17, 2017, NMCD, Artiaga, and Jaramillio filed a joint Notice of Removal based on Plaintiff's claims arising out of the United States Constitution. *See* Doc. 1. On April 21, 2017, Corizon filed its Notice of Consent to Removal. Doc. 6. Defendant Hohman submitted his notice of consent on April 28, 2017. Doc. 13.

**LEGAL STANDARDS**

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b). "When a civil action

is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A notice of removal must be filed within thirty days after receipt of service by the removing defendant. *See* 28 U.S.C. §§ 1446(b)(1) and 1446(b)(2)(B).

"The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172–73 (D.N.M.2007) (quoting *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). This rule is commonly known as the "unanimity rule." *See Brady*, 504 F.Supp at 1173.

The Court follows the "last-served rule" where "the clock begins running on each defendant to either remove a case or join a removal petition when that defendant receives formal service of process." *Sawyer v. USAA Ins. Co.*, 839 F. Supp. 2d 1189, 1208 (D.N.M. 2012) (quoting *McEntire v. Kmart Corp.*, No. 09–0567, 2010 WL 553443, at *4 (D.N.M. Feb. 9, 2010)); *See also Nieto v. Univ. of N.M.*, 727 F. Supp. 2d 1176, 1181 (D.N.M. 2010) ("This Court, however, has concluded that the more modern, 'last-served' rule is more in harmony with the language of the removal statute, and is a more fair and workable rule."); *Lucero v. Ortiz*, 163 F. Supp. 3d 920, 931 (D.N.M. 2015) ("The last-served rule provides that each defendant has a right to remove within thirty days of service."). A defendant's consent to removal is not necessary where he or she has not been served at the time another defendant filed its notice of removal. *See Sheldon v. Khanal*, 502 Fed.Appx. 765 (10th Cir. 2012).

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "It is well-established that statutes conferring

3

jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

## DISCUSSION

Plaintiff contends the multiple Defendants in this matter failed to be unanimous in removal, so the case must be remanded to the First Judicial District of New Mexico. Plaintiff argues under the "last-served defendant rule" adopted by this district, as well as the rule of unanimity, all Defendants who have been served were required to file written consent to the removal of this action by April 26, 2017 (thirty-days after Defendants Corizon and Jaramillo were served on March 27, 2017). Plaintiff states that as of April 28, 2017, Defendant Hohman had not filed consent to the removal of this action so the matter must be remanded to state court.

Defendants respond that Defendant Hohman consented to removal on April 28, 2017, only eleven days after NMCD Defendants filed the Notice of Removal. *See* Docs. 1 and 13. Further, there is no requirement in 28 U.S.C. § 1446(b)(2)(A) that when a notice of removal has been filed by one defendant, the other defendants must join or consent within thirty days of having been served. The statute that does contain a thirty-day window, 28 U.S.C. § 1446(b)(2)(B), applies by its explicit terms to a notice of *removal*, not a notice of *consent*. In this case, Defendants maintain, NMCD, Artiaga, and Jaramillo timely filed their Notice of

Removal and eleven days later, Defendant Hohman filed his Notice of Consent to Removal. *See* Docs. 1 and 13.

The Court finds that the thirty-day removal window runs from the date the last defendant is served. *See Nieto*, 727 F.Supp at 1181. The last-served defendant rule allows each defendant in a multi-defendant suit thirty days from the date the last defendant is served to file a notice of removal. *See Moreno v. Taos Cty. Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1142 (D.N.M. 2011). *See also Doe v. Sunflower Farmers Markets, Inc.*, 831 F. Supp. 2d 1276, 1279 (D.N.M. 2011) (quotation and quotation marks omitted) ("Under the last-served-defendant rule, the thirty-day period for removal begins for a particular defendant on the date it was served, as long as the previously served defendants consent…'"). The last-served Defendants here, Corizon and Jaramillo, were served on March 27, 2017. Thus, Defendants had until thirty days later, April 26, 2017, in which to remove the case to federal court.[1] The Notice of Removal was timely filed on April 17, 2017, which the parties do not dispute.

Instead, what the dispute hinges upon is whether Defendant Hohman was required to consent to removal within thirty days from service of process on the last Defendants, or whether

---

[1] Defendant Corizon asks the Court to add a three-day extension under Fed. R. Civ. P. 6(d) and Rule 1-006 NMRA, which allow for an additional three days to a period in which a party must act after service of pleadings. If the Court gave Defendants an additional three days, Defendant Hohman's consent to removal would have been timely because the thirty-day deadline would have fallen on May 1, 2017. The Court will not add an additional three days to this time period to account for service of process by mail because under the plain reading of New Mexico's procedural rule governing service of the original complaint, which applies here since this Court did not have jurisdiction at the time Defendants were served with the complaint, service of process by mail or commercial courier service is considered complete upon the date of receipt. *See* Rule 1-004 NMRA. Moreover, other courts that have considered the issue have refused to enlarge the thirty-day window contained in 28 U.S.C. § 1446(b)(1) based on Rule 6(d). *See DerMargosian v. Arpin America Moving Systems, LLC*, 2013 WL 787091, at *1 (N.D. Tex. 2013) (" Rule 6(d) does not extend the 30-day removal period prescribed in § 1446(b)(1)."); *Knight v. J.I.T. Packaging, Inc.*, 2008 WL 4981081, at *2–3 (N.D. Ohio 2008) (collecting cases and concluding "the majority have determined that Rule 6(d) does not extend the thirty-day removal period of section 1446(b)"); *Ramos v. Quien*, 631 F. Supp. 2d 601, 608–09 (E.D. Pa. 2008); *Daniel v. United Wis. Life Ins. Co.,* 84 F. Supp. 2d 1353, 1356 (N.D. Ala. 2000); *Flora v. LG Elecs. U.S.A., Inc.*, No. 13-CV-13362, 2013 WL 4805693, at *1 (E.D. Mich. Sept. 9, 2013) ("The 'three extra days' added in some circumstances by Fed. R. Civ. P. 6(d) do not extend the 30–day removal period when, as in the present case, that period begins to run from service of process.").

his consent was required within thirty days of the date the Notice of Removal was filed. Plaintiff argues Defendant Hohman must have consented by April 26, 2017, within thirty days of service upon Defendants Corizon and Jaramillo (as the last-served Defendants), while Defendants argue consent to removal was proper because it was within thirty days of the timely Notice of Removal, which was filed on April 17, 2017. In other words, Defendants contend § 1446(b)(2) applies by its terms to a notice of removal, not a consent. Plaintiff disagrees and argues that remand is required when all Defendants fail to consent to removal within thirty-days of the last Defendant being served. Defendants state that Hohman's consent to removal was proper because it was filed only 11 days after the notice of removal, but Plaintiff counters that removal was improper because Hohman did not consent within thirty days of service upon the later-served Defendants, so his untimely consent rendered the removal procedurally flawed.

The Court agrees with Plaintiff that the removal procedure here was incurably flawed, so this case must be remanded. Defendants were required to obtain unanimous consent to removal from each served Defendant no later than the date on which the last-served Defendants (Corizon and Jaramillo) had to file a notice of removal, in order for removal to be effective. The Court finds unanimous consent was required by April 26, 2017, which was thirty days after the last Defendants were served. By its terms, 28 U.S.C. § 1446(b)(2)(A) requires each properly-served defendant to join in or consent to removal. Section 1446(b)(2)(A) does not appear to contain a time limitation. Section 1446(b)(2)(B) does contain a time window, giving each defendant thirty days after receipt of the initial pleading or summons to file a notice of removal.

The Tenth Circuit has not definitively addressed whether the last-served defendant rule and the rule of unanimity require that all served defendants consent to removal within thirty days of service upon the later-served defendant. It is clear that under those rules, a defendant has

thirty days to file a notice of removal within thirty days of service on the last-served defendant, but it is much less clear whether *consent* to such removal must be effectuated within this thirty-day window, or whether a notice of consent may be filed at any time, as Defendants insist. *Compare McDaniel v. Loya*, 304 F.R.D. 617, 626 (D.N.M. 2015) (quoting *Kiro v. Moore,* 229 F.R.D. 228, 230–32 (D.N.M. 2005) ("After the notice of removal is filed, all state-court proceedings are automatically stayed, and the other defendants in the case—if not all defendants joined in the removal—have thirty days to consent to the removal of the action"), *with Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1258 (D.N.M. 2008) ("Instead, each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period"), *and Bonadeo v. Lujan*, 2009 WL 1324119, at *5–6, 2009 U.S. Dist. LEXIS 45672, at *15 (citation omitted) ("Remand is required if all of the defendants fail to consent to the petition for removal within thirty days of being served").

Defendant Hohman did not consent to removal within thirty days of service on the last-served Defendants, which he freely admits. Rather, he argues there is no deadline by which a defendant must consent to a timely removed case. He states that removal was proper because he consented eleven days after the notice of removal was filed, even though it was more than 30 days after service on the last-served defendant. Defendants claim 28 U.S.C. § 1446(b) contains a thirty-day window only for filing a notice of removal, but not for filing a notice of consent to removal, so a defendant essentially may consent to a notice of removal at any time. This proposition is untenable at best, because the Court can easily foresee a situation where a plaintiff would not discern whether removal was properly effectuated until after the plaintiff's thirty-day window to move to remand the case had elapsed under 28 U.S.C. § 1447(c)[2], wholly depriving

---

[2] 28 U.S.C. § 1447(c) provides that a motion to remand a case on a basis other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal.

7

the plaintiff of the ability to move to remand a case. The same result would occur even if the Court imposed the thirty-day deadline from the date the notice of removal was filed because, in that situation, a plaintiff would still not learn whether all defendants had properly consented to removal until the same day that the plaintiff had to file its motion to remand. Essentially, the plaintiff would have waived any defects in the removal procedure because the plaintiff did not discover the defects until it was too late. The Court will not endorse such an illogical result.

The Court reads the various cases submitted by the parties, as well as the structure of 28 U.S.C. § 1446(b), to stand for the proposition that when there are multiple defendants, all served defendants must consent to removal within thirty days from when the last defendant was served. Other jurisdictions are in accord with this reasoning. *See, e.g.*, *Hurt v. D.C.*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012) (emphasis in original) ("Nonetheless, removal to federal court additionally requires a timely demonstration of consent from *all* served defendants within thirty days of service of the complaint, under the widely recognized "rule of unanimity.""); *Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1447 (N.D. Ill. 1987) (emphasis in original) ("This means that *each* defendant must communicate his consent to the court, either orally or in writing, within the thirty-day period.").

U.S. District Judge James O. Browning has explained that "[r]emand is required if all of the defendants fail to consent to the petition for removal within the thirty-day period." *Bonadeo*, 2009 WL 1324119, at *6. Judge Browning recognized that the issue of filing a notice of removal is closely related, though somewhat distinct, from the timing of the notice of consent to such removal. The Judge aptly described the issue as follows:

> This question, however, is closely tied with the operation of the right to removal. In situations where all defendants are simultaneously served, it follows from the rule of unanimity that, because the notice of removal must be filed within thirty days, and because all defendants must join it, there is an effective thirty-day

> deadline to consent to removal. If one defendant fails to consent within the thirty
> days, removal is destroyed because there is no unanimity."

*Id.*, at *13. Although the Defendants here were not simultaneously served, following Judge Browning's reasoning from *Bonadeo* as well as the last-served defendant rule and the rule of unanimity, the Court concludes that all Defendants in this matter were required to file their notices of consent thirty days from when the last Defendants were served with process.

The Court will briefly address Defendants' remaining arguments. Defendants contend that even if the removal procedure here was flawed, it constituted excusable neglect. However, none of the cases Defendants rely on deal with the situation here where one defendant fails to consent to a notice of removal. In *Sheldon*, 502 F. App'x at 770, the Tenth Circuit held the removing defendant's failure to attach required state-court documents to its notice of removal was procedural defect that could be cured, either before or after 30–day removal period. The Court in *Sheldon* did not address, even tangentially, the rule of unanimity in the context of a removing defendant missing a statutory deadline.

Next, the Court is not convinced by Defendants' argument that removal was proper strictly looking to the text of 28 U.S.C. § 1446(b)(2)(C). That section provides: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." The Court certainly does not disagree that such a procedure is permitted by statute, however there is no provision in § 1446(b)(2)(C) that states a defendant may consent to a removal at any time after the notice of removal is filed, and Defendants have not directed the Court to any case law standing for the proposition that § 1446(b)(2)(C) authorizes a defendant to consent to removal at any time when the defendant has not complied with the thirty-day deadline contained in § 1446(b)(2)(B).

The Court has significant doubts as to whether the removal procedure was properly effectuated in this case, so the matter must be resolved in favor of remand. *See Fajen*, 683 F.2d at 333 ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal.") Indeed, there is a presumption against removal, and the Court must deny federal jurisdiction if not affirmatively apparent on the record. *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed.Appx. 775, 778 (10th Cir. 2005); *Laughlin*, 50 F.3d at 873.

## CONCLUSION

Under the last-served defendant rule, the rule of unanimity, and 28 U.S.C. § 1446(b), Defendants were required to obtain unanimous consent to removal from each served Defendant no later than the date on which the last-served Defendants had to file a notice of removal, in order for removal to be effective. The Court finds unanimous consent was required by April 26, 2017, which was thirty days after the last Defendants were served. Defendant Hohman did not consent to removal until two days after this thirty-day window, on April 28, 2017. Based on the foregoing, the Court concludes that Defendant Hohman did not timely give consent to removal and, therefore, removal is procedurally defective.[3] Accordingly, Plaintiff's Motion to Remand (**Doc. 10**) shall be **GRANTED** and the case is remanded to the First Judicial District Court, State of New Mexico, County of Santa Fe. Defendants' Motion to Dismiss Counts I–VII and XI–XV (**Doc. 5**) and Defendant Hohman's Motion to Dismiss Counts I–III and XI–XV (**Doc. 14**) are **DENIED AS MOOT**.

**SO ORDERED**

_____
**UNITED STATES DISTRICT JUDGE**

---

[3] The result here begs the question of what would happen in the event Defendants Drs. Staber and Trapp are eventually properly served. If Plaintiff eventually serves Drs. Staber and Trapp, they could file a notice of removal, and the earlier-served Defendants could presumably join or consent to removal within thirty days of service of process on Drs. Staber and Trapp pursuant to 28 U.S.C. § 1446(b)(2).